UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 05-22055-CIV-MARTINEZ-WHITE**

VICTOR MARIO LOZANO-VARGAS,
    Movant,

vs.

UNITED STATES OF AMERICA,
    Respondent.
_____/

*02-21003 CR JEM* ✓

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report and Recommendation on Movant's motion to vacate filed pursuant to 28 U.S.C. § 2255 attacking his conviction and sentence for importation of 100 grams or more of heroin entered pursuant to a guilty plea. Movant specifically raises numerous ineffective assistance of counsel claims. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 7)** recommending that this motion be denied. The Court has made a *de novo* review of the entire file and record. Movant did not file any objections to the Report and Recommendation but he did file two copies of a Petition for Re-Hearing and for Reconsideration which this Court construes as his objections. *See* (D.E. Nos. 10 & 11).[1] Movant's Petition for Re-Hearing is vague and his cryptic allegations are difficult to interpret; however, it appears that Movant's main contention is that an evidentiary hearing should be held on his ineffective assistance of counsel claims. "'[I]t is well established that a habeas petitioner is entitled to an evidentiary hearing if he or she alleges facts that, if proved at the hearing, would entitle petition to relief.'" *Breedlove v.*

---

[1] The Court notes that the petitions for rehearing are duplicates except the peition entered at docket entry number eleven is missing page two; however, page two is attached to docket entry number ten.

*Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (quoting *Meeks v. Singletary*, 963 F.2d 316, 319 (11th Cir. 1992)). However, "[t]he petitioner will not be entitled to an evidentiary hearing when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Stano v. Dugger*, 901 F.2d 898, 898 (11th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Here, as discussed in Magistrate Judge White's Report and Recommendation none of Petitioner's allegations warrant relief because they either do not entitle Petitioner to relief even if taken as true or they are conclusory and "wholly incredible" when examined in the context of the entire record.[2] Therefore, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report and Recommendation **(D.E. No. 7)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. Movant's motion to vacate is **DENIED**.

2. This Case is **CLOSED** and all pending motions not otherwise ruled upon are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of January, 2007.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record
Victor Mario Lozano-Vargas, pro se

---

[2] The Court notes that Movant appears to be arguing that Judge White failed to address his argument regarding cumulative error on page five of his Traverse (D.E. No. 6). However, Judge White did address this argument in the Report and Recommendation and the Court agrees with his conclusion on this issue and all other issues raised by Movant. *See* (D.E. No. 7 at 15-16).